IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CODY ALLEN CARR,** | : CIVIL ACTION NO. 3:24-CV-1633 |
| Plaintiff | : |
| | : **(Judge Neary)** |
| v. | : |
| **JILLIAN CUFFARO,** *et al.*, | : |
| Defendants | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Cody Allen Carr, alleges that defendants, who are all officials at Dauphin County Prison, violated his civil rights by interfering with his outgoing legal mail. Defendants have moved to dismiss and to strike Carr's previous request for entry of default against them. Both motions will be denied, and the court will set a case management schedule to govern the case and require defendants to answer Carr's complaint.

### I.   Factual Background & Procedural History

The claims in this case were originally filed as part of another case in this district on July 2, 2024. See Carr v. Borden, No. 3:24-CV-1085 (M.D. Pa. filed July 2, 2024). The original case was assigned to United States District Judge Malachy E. Mannion. On September 25, 2024, Judge Mannion found that the claims in this case were improperly joined to the other claims in the original case in violation of Federal Rule of Civil Procedure 20. (Docs. 11-12). The court accordingly severed the

claims into a new case docketed under the above docket number and directed Carr to file an amended complaint in the new case. (Id.)

Carr filed his amended complaint as directed on October 23, 2024. (Doc. 3). Judge Mannion ordered service of the amended complaint on several defendants on January 21, 2025, but dismissed Carr's claims against defendants Briggs, Pena, Rodriguez, Pierre, Levalley, Bey, Lucas, Thomas, Coyle, Bateman, Douglas, Hartwick, Pries, Chardo, Evans, Johnson, and Chimienti for Carr's failure to allege their personal involvement. (Doc. 10). The case was then reassigned to the undersigned on January 24, 2025.

According to plaintiff's amended complaint, which remains the operative pleading, prison officials began to refuse mail sent to Carr in April 2022, unless it was addressed to his birth name, Cody Allen Carbaugh, rather than his married name, Cody Allen Carr. (Doc. 3 ¶¶ 24-25). Subsequently, in January 2023, Carr requested a manila envelope to mail a civil rights complaint. (Id. ¶ 33). Defendant Yingst allegedly responded that the prison did not provide envelopes for the filing of civil cases. (Id. ¶ 34). Carr then sent a request for paper so that he could draft the civil rights complaint on October 18, 2023, but Yingst responded that he would need to use his "indigent packet for paper and envelopes" and that he would not be provided additional materials because his court records indicated that he had an attorney and was not proceeding pro se. (Id. ¶¶ 35-36).

On November 9, 2023, Carr submitted a 40-page legal brief directed to the Pennsylvania Supreme Court in his state habeas corpus case for mailing by prison

2

officials. (Id. ¶ 39). Prison officials purportedly placed insufficient postage on the envelope, and it was then returned to the prison as undeliverable. (Id.) On December 14, 2023, defendant Borden returned the brief to Carr and stated that he needed to provide an additional $1.89 in postage. (Id. ¶ 41). Carr explained that because he was indigent, he could not pay this sum and the prison needed to pay for it. (Id.) Borden stated that he would forward the brief to Yingst and tell her what Carr had said. (Id.) Yingst again returned the brief to Carr on December 15, 2023, and stated that it could not be mailed unless Carr gave the prison an additional $1.89 for postage. (Id.) Carr again told Yingst that the prison needed to pay for the brief to be mailed because he was indigent and because it was a court filing. (Id. ¶ 42). Yingst allegedly stated that the prison did not need to pay for the postage. (Id. ¶ 43). Carr requested assistance with this issue from defendant Welden, but his request was purportedly ignored. (Id. ¶ 45).

On December 17, 2023, Carr finalized a brief that he was writing to the disciplinary counsel of the Pennsylvania Supreme Court and informed Yingst that it needed to be mailed by the next day, December 18, 2023, to comply with an applicable deadline. (Id. ¶ 48). On December 19, 2023, defendant Dreibelbis returned the brief to Carr and told him that he would need to pay for postage for it or request a white pro se envelope from the law library for it to be mailed. (Id. ¶ 49). The defendants' actions purportedly caused Carr to miss the December 18, 2023, deadline. (Id.)

3

On December 27, 2023, Carr requested a legal pad from defendant Yingst so that he could draft legal briefs. (Id. ¶ 54). Yingst purportedly denied the request on January 2, 2024, stating that she could not provide the legal pad because his requests for one had been previously denied. (Id. ¶ 55). Carr filed a grievance about defendants' refusal to provide postage for his legal filings on December 29, 2023, but defendant Cuffaro denied the grievance, marking it as "non-grievable." (Id. ¶ 56). The amended complaint asserts that numerous other pieces of legal mail that Carr attempted to send were not mailed by prison officials in the following months. (See generally id. ¶¶ 62-99). Carr attempted to speak with defendant Cuffaro about staff members' interference with his ability to send outgoing legal mail in March 2024, but Cuffaro purportedly told him that she "[did not] have anything to do with legal mail." (Id. ¶¶ 100-01). Carr made several other attempts to speak with defendant Briggs and other supervisory prison officials in May and June of 2024, but his requests were purportedly ignored. (Id. ¶¶ 113-17). Based on these factual allegations, Carr asserts claims for violation of his First Amendment right of access to the courts and violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

Defendants moved to dismiss Carr's amended complaint on April 14, 2025. (Doc. 26). Carr filed a request for entry of default against the defendants on August 11, 2025. (Doc. 39). Defendants moved to strike the request for entry of default on August 26, 2025. (Doc. 41).

## II. <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips</u>, 515 F.3d at 232 (alteration in original) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. <u>See</u> <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" <u>Id.</u> at 130 (alteration in original) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of

a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Carr brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

### A.     Motion for Entry of Default and Motion to Strike

At the outset, plaintiff's request for entry of default will be denied. The record reflects that the defendants responded to the amended complaint by moving to dismiss. Thus, there is no basis to enter default. The court will also deny defendants' motion to strike the motion for entry of default in the interest of judicial economy because the court finds that simply denying the motion for entry of default adequately resolves this issue without any further court intervention necessary.

### B.     Motion to Dismiss

Defendants advance three arguments for dismissal: (1) that Carr has not alleged an actual injury to his access to the courts; (2) that Carr has not sufficiently alleged defendants' personal involvement in his other constitutional claims; and (3) that defendants are entitled to qualified immunity. (Doc. 28).

Defendants' first argument is unavailing. Access to courts claims require allegations that (1) prison officials impeded the plaintiff's access to courts and (2) the plaintiff suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022). To show an actual injury, the plaintiff must show that the defendants' actions have impeded his ability to bring a nonfrivolous or arguable legal claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

Defendants argue that Carr has not alleged an actual injury because he "does not identify any nonfrivolous claims he sought to pursue, or how the alleged interference with his mail affected his ability to pursue them." (Doc. 28 at 5). Defendants note that Carr's "vague references to a brief he submitted to the Disciplinary Counsel of the Supreme Court of Pennsylvania . . . does not state a claim for a denial of access to the courts." (Id.)

Defendants' argument overlooks Carr's allegation that defendant prison officials prevented him from mailing a brief in support of his state habeas corpus petition. (See Doc. 3 ¶¶ 39-45). The ability to pursue habeas corpus relief is one of the core rights protected by a prisoner's First Amendment right of access to the courts. See Ex Parte Hull, 312 U.S. 546, 549 (1941) ("the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus."); see also Lewis, 518 U.S. at 354 (noting that the ability to file habeas petitions is a longstanding traditional purpose of the right of access to the courts). Here, Carr has alleged that defendants interfered with his ability to mail documents to pursue habeas corpus relief. This action, if proven, could amount to a violation of his right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 824 (1977) (noting that prisons must provide indigent inmates with stamps to mail legal

documents). Whether Carr can ultimately establish an injury to his right of access to the courts is a fact question that cannot be resolved at this stage of litigation.[1]

Defendants' remaining arguments are meritless. In their second argument, they argue that Carr has not alleged their personal involvement because:

> Aside from Plaintiff's general allegations that Defendants Cuffaro, Ray, Rawls, Boran, Dreibelbis and Welden interfered with his mail, and other vague allegations against unidentified prison officials, he cannot show how each Defendant's alleged interference caused any violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

(Doc. 28 at 7). Defendants do not elaborate on this argument in any way, by, for example, explaining what facts are alleged against each defendant, what Carr must allege to state a claim for a violation of the relevant constitutional provision, or how the allegations against each specific defendant are insufficient to state such a claim. (See id.)

Defendants' undeveloped argument is not sufficient to dismiss Carr's claim. Judge Mannion previously reviewed the amended complaint and dismissed several defendants for whom Carr did not sufficiently allege personal involvement. (See Doc. 10). It is not this court's job to construct an argument for the defendants as to why an additional dismissal for failure to allege personal involvement is warranted.

---

[1] The court does not hold that Carr's inability to file a timely brief to the disciplinary counsel or any other alleged injury is insufficient to state a claim for denial of access to the courts; it simply holds that defendants' argument that Carr has not alleged an injury to his access to the courts fails because the alleged interference with his ability to pursue habeas corpus relief is by itself sufficient to allege an injury regardless of whether any other injuries are alleged. This holding is not meant as a conclusion on any other alleged injuries to Carr's right of access to the courts.

As the Seventh Circuit has famously noted, "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

Defendants' qualified immunity argument is similarly undeveloped and unpersuasive. A government official is entitled to qualified immunity if the official's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Rivas-Villegas v. Cortesluna, 595 U.S. 1, 5 (2021) (quoting White v. Pauly, 580 U.S. 73, 78-79 (2017)). A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated, and (2) whether that right was "clearly established." Pearson v. Callahan, 555 U.S. 223, 232 (2009). Qualified immunity is an affirmative defense that defendants must prove; it is not a pleading requirement for a plaintiff. Mack v. Yost, 63 F.4th 211, 227 (3d Cir. 2023) (citing Halsey v. Pfeiffer, 750 F.3d 273, 288 (3d Cir. 2014)).

Defendants argue that they are entitled to qualified immunity because "plaintiff fails to plausibly plead any constitutional or statutory violation against them" and "fails to identify clearly established law that Moving Defendants were aware of and disregarded." (Doc. 28). This argument completely misapprehends the qualified immunity standard. It is the defendants' burden to prove that they are entitled to qualified immunity by showing that their actions were reasonable and/or

that the law in question was not clearly established; it is not Carr's burden to show that qualified immunity does not apply.[2] <u>Mack</u>, 63 F.4th at 227.

## IV. Conclusion

The motion to dismiss, motion for entry of default, and motion to strike are denied. Defendants will be required to answer plaintiff's amended complaint, and a case management order will be set to govern this case. An appropriate order shall issue.

                          /S/ KELI M. NEARY
                          Keli M. Neary
                          United States District Judge
                          Middle District of Pennsylvania

Dated:       January 5, 2026

---

[2] Defendants additionally argue that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 if it dismisses his federal claims. (Doc. 28 at 8). Because the court is not dismissing plaintiff's federal claims, this argument is moot.